UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUBERTO PENALOZA VARGAS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-04765-JLT-HBK (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(Doc. 8) |

Pending before the Court is Petitioner's pro se Motion for Appointment of Counsel, filed June 29, 2026. (Doc. 8). Petitioner is an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Central Valley Annex Detention Facility in McFarland, California. He challenges his re-detention and continued post-final order detention as a violation of his due process rights under the Fifth Amendment and seeks release from custody. (Doc. 1).

Petitioner asks the Court to appoint counsel based on "the complexity of the law on immigration" and his view that his Petition has a "strong chance of success." (Doc. 2 at 2). There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). Under the Criminal Justice Act, 18 U.S.C. § 3006A, the Court may appoint counsel for a financially eligible person seeking relief under § 2241 when the interests of justice so require so

1

require.  *Id*. at § 3006A(a)(2)(B); see also *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  In making that determination, the Court considers (1) Petitioner's likelihood of success on the merits and (2) Petitioner's ability to articulate claims pro se in light of the complexity of the legal issues.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In addition, the Rules Governing Section 2254 Cases[1] require appointment of counsel if the Court authorizes discovery and counsel is necessary for effective discovery; or if the Court determines that an evidentiary hearing is warranted.  *See* Rules 6(a) and 8(c); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

Here, Petitioner challenges his ongoing detention during removal proceedings.  To better ascertain the basis of Petitioner's detention and evaluate Petitioner's due process claim, the Court directed Respondents to respond to the Petition, but the response is not yet due.  At this early stage, the Court cannot conclude that Petitioner has shown a likelihood of success on the merits.  Respondents have also been directed to attach any records necessary to resolve the Petition, so it is not yet clear whether discovery or an evidentiary will be required.  Although Petitioner cites the complexity of immigration law, he has competently filed a habeas petition that sets out facts and supporting legal authority in a coherent manner.  On the present record, the, Court does not find that appointment of counsel is necessary to prevent due process violation.

Accordingly, IT IS ORDERED:

Petitioner's Motion for Appointment of Counsel (Doc. 8) is denied without prejudice.

Dated:    July 1, 2026

_Helena M. Barch-Kuchta_
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The Rules governing section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  *See Id*., Rule 1(b).

2