**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

HUBERTO PENALOZA VARGAS,

Petitioner,

v.

WARDEN OF CENTRAL VALLEY ANNEX and DEPARTMENT OF HOMELAND SECURITY,

Respondents.

Case No.: 1:26-cv-04765 JLT HBK (HC)

A-Number: 095-262-798

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART, AND DENYING PETITIONER'S MOTION TO ENFORCE AS MOOT

(Docs. 1, 13, 15)

Huberto Penaloza Vargas is an immigration detainee in U.S. Immigration and Customs Enforcement custody at the Mesa Verde Detention Facility in Bakersfield, California,[1] proceeding pro se on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, "Petition").

On October 22, 2026, the assigned magistrate judge issued findings and recommendations to grant the Petition in part and require Respondents to provide Petitioner with a bond hearing. (Doc. 15.) The Court served the findings and recommendations on all parties and notified them that any objections were due within five days. (*Id.*) The Court further advised the parties "that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 10, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Neither party filed

[1] Petitioner filed a notice of change of address to Mesa Verde Detention Center on September 11, 2026. (Doc. 14).

objections, and the deadline to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Based upon the foregoing, the Court **ORDERS**:

1. The findings and recommendations issued on October 22, 2026 (Doc. 15) are **ADOPTED** in full;
2. Petitioner's Motion to Enforce (Doc. 13) is **DENIED as moot**.
3. The petition for writ of habeas corpus (Doc. 1) is **GRANTED in part** as follows:
   a. Within **14 days of the date of service of this order**, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
   b. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.
   c. Respondents **SHALL** provide a copy of this Order and the Findings and Recommendations to the Immigration Judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

4. If released, Respondents are **PERMANENTLY ENJOINED AND RESTRAINED** from rearresting or re-detaining Petitioners absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that they are likely to flee or pose a danger to society if not arrested.[2]

5. The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this Order.

6. The Clerk of the Court is directed to terminate all pending deadlines/motions and close this case.

IT IS SO ORDERED.

Dated: _November 10, 2026_

UNITED STATES DISTRICT JUDGE

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondents **SHALL** provide a bond hearing in the timeframe required by law.